UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY BARNETT,

                            Plaintiff,

    vs.

CITY OF CHICAGO, *et al.,*

                        Defendants.

18 C 7946

Judge ELLIS

Magistrate Judge WEISMAN

**DEFENDANT KIMBERLY M. FOXX'S
RULE 12(b)(6) MOTION TO DISMISS**

Defendant, KIMBERLY M. FOXX, State's Attorney of Cook County ("SA Foxx"), by and through her Assistant State's Attorney, RYAN J. GILLESPIE, and pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ("Rule 12(b)(6)"), moves this Honorable Court to dismiss Count IV of the Amended Complaint of Plaintiff, HARRY BARNETT ("Plaintiff"), for failure to state a claim upon which relief may be granted, with prejudice. The grounds for this motion are as follows:

## INTRODUCTION

On December 3, 2018, Plaintiff filed his original Complaint against Chicago Police officer Alexander Kulisek and the City of Chicago (collectively, the "City Defendants"), asserting claims under both 42 U.S.C. § 1983 ("§ 1983") and Illinois law. (Dkt. 1.) The City Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). (Dkt. 20.) On July 9, 2019, the Court granted the City Defendants' motion in part, dismissing Plaintiff's § 1983 claims with prejudice, and his state law claims without prejudice. (Dkt. 29.) The Court subsequently granted Plaintiff leave to amend his complaint. (Dkt. 38.) On October 17, 2019, Plaintiff filed the Amended Complaint, in which he asserts six counts against the City Defendants, former Cook County State's Attorney Anita Alvarez ("Former SA Alvarez") and SA Foxx. (Dkt. 45.)

1

The gist of the Amended Complaint is that, on September 28, 2016, Plaintiff was falsely arrested for the theft of a scooter and subjected to prosecution without probable cause. *Id.* Plaintiff asserts unspecified § 1983 claims against the City Defendants, former SA Alvarez, and SA Foxx (Counts I-IV), as well as malicious prosecution claims against the City Defendants (Counts V and VI). Count IV, a § 1983 claim against SA Foxx,[1] should be dismissed for the following reasons: (1) Plaintiff has not adequately pled SA Foxx's involvement in a constitutional violation; (2) SA Foxx is immune from suit; (3) Plaintiff's official capacity claim against SA Foxx is barred by the Eleventh Amendment; and (4) Plaintiff's claim is untimely.

**LEGAL STANDARD**

The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not allege "detailed factual allegations" to survive a Rule 12(b)(6) motion, but he must offer more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To satisfy the plausibility standard, the plaintiff must plead facts to support the legal claims asserted in the complaint. *Ashcroft*, 556 U.S. at 678 (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The facts pled must "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks,* 578 F.3d at 581. In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011). However, legal conclusions and conclusory allegations are not entitled to this presumption of truth, *McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011), nor should a court strain to find inferences favorable to the plaintiff. *See Coates v. Ill. State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir. 1977).

---

[1]     Plaintiff purports to sue SA Foxx in Count IV as an individual and in her official capacity. (Dkt. 45, at 1.)

Typically, the statute of limitations is an affirmative defense that need not be anticipated in the complaint to survive a motion to dismiss. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, dismissal is appropriate under Rule 12(b)(6) if the plaintiff effectively pleads himself out of court by including facts in his complaint which make clear that the applicable statute of limitations period has passed. *See Chicago Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 613 (7th Cir. 2014).

The time limit for bringing a lawsuit under § 1983 is governed by state law and is drawn from the limitation period provided by the forum state's personal injury statute. *See Licari v. City of Chicago,* 298 F.3d 664, 667-68 (7th Cir. 2002). In Illinois, the limitations period is two years. 735 ILCS 5/13-202. In addition, a § 1983 claim begins to accrue when the plaintiff has a "complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato,* 549 U.S. 384, 388 (2007) (citation and quotations omitted).

## ARGUMENT

I.   **PLAINTIFF HAS NOT ADEQUATELY PLED A § 1983 CLAIM AGAINST SA FOXX IN THE AMENDED COMPLAINT.**

### A. There Is No Freestanding § 1983 Claim For Malicious Prosecution Under Federal Law.

Plaintiff brings a purported § 1983 claim against SA Foxx; however, his only allegations concerning SA Foxx are that she "was acting under color of state law when she prosecuted [Plaintiff]," and "deprived [Plaintiff] of his civil rights to not be prosecuted with fabricated evidence and without probable cause." (Dkt. 45, ¶¶ 60-61.) Plaintiff does not allege that SA Foxx herself fabricated evidence, nor does he allege that she took part in the investigation conducted by the City Defendants. To the contrary, Plaintiff alleges that Defendant Kulisek and other officers investigated him for scooter theft and approved the charges against him. *Id.,* ¶¶ 38-40.

3

As a threshold matter, the sparse allegations Plaintiff levies against SA Foxx in Count IV of his Amended Complaint evince that his "§ 1983 claim" is really a claim of malicious prosecution. And as the Court has already cautioned Plaintiff, there is no independent claim for malicious prosecution under Federal law. *See* Dkt. 29, July 9, 2019 Order (citing *Serino v. Hensley,* 735 F.3d 588, 593 (7th Cir. 2013)) ("No such free-standing theory exists under federal law, with Barnett having to "allege something else that does amount to a constitutional violation (even if he calls it malicious prosecution).""); *see also Manuel v. City of Joliet,* 903 F.3d 667, 670 (7th Cir. 2018) ("*Manuel* II") (quoting *Serino*, 735 F.3d at 593) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause.").

To state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause. *Serino,* 735 F.3d at 592. [2] Indeed, § 1983 requires an allegation of infringement of a specific constitutional right as a prerequisite to claims brought under a constitutional provision. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("[I]t is necessary to isolate the precise constitutional violation with which [the defendant] is charged.... The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right secured by the Constitution and laws."). In other words, malicious prosecution is not an infringement on a constitutional right; there must also be a predicate constitutional violation. *Serino*, 735 F.3d at 593-95.

In this case, Plaintiff's § 1983 allegations against SA Foxx relate to his prosecution; he does not allege that SA Foxx violated another, specific constitutional right. (Dkt. 45, ¶¶ 60-61.)

---

[2] What's more, a § 1983 claim for malicious prosecution is permissible only if state law does not provide an adequate remedy, which Illinois law does. *See Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001) abrogated on other grounds by *Manuel v. City of Joliet, Ill.,* 137 S. Ct. 911 (2017) ("*Manuel* I") ("[S]atisfying the elements of the state-law tort of malicious prosecution… knocks out any constitutional tort … because, when a state-law remedy exists . . . due process of law is afforded by the opportunity to pursue a claim in state court.").

However, as noted above, Plaintiff cannot rely solely on his allegations that his prosecution itself violated the Fourth or Fourteenth Amendments to sustain his § 1983 claim against SA Foxx. Instead, he must first plead a violation of a specific constitutional right.

**B. Plaintiff Has Not Sufficiently Pled SA Foxx's Direct, Personal Involvement In A Predicate Violations Of A Specific Constitutional Right.**

Plaintiff has not alleged a predicate constitutional violation against SA Foxx in support of his malicious prosecution claim in Count IV, as would be required to state a § 1983 claim sounding in malicious prosecution. Further, in light of the fact that the Seventh Circuit does not recognize an independent constitutional right not to be prosecuted without probable cause, *Manuel* II, 903 F.3d at 670, Plaintiff's § 1983 claim against SA Foxx appears (at least to some extent) to arise from his detention for the theft of the scooter. That claim would be properly brought under the Fourth Amendment.[3] In any event, regardless of Plaintiff's theory of liability, he has not pled any facts in the Amended Complaint tending to indicate that SA Foxx was personally involved in the alleged deprivation of a specific constitutional right. Accordingly, Plaintiff has not stated a plausible claim against SA Foxx, and Count IV should be dismissed.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hildebrandt v. Illinois Dep't of Natural Res.,* 347 F. 3d 1014, 1039 (7th Cir. 2003) (citing *Vance v. Peters,* 97 F. 3d 987, 991 (7th Cir. 1996)). Liability under § 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a civil rights action unless he caused or participated in an alleged constitutional deprivation. *See Kuhn v. Goodlow,* 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted).

---

[3]   The Seventh Circuit has held that a claim relating to pretrial detention may not be brought under the Fourteenth Amendment's Due Process Clause. *See Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ("the Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process.").

To establish SA Foxx's liability, Plaintiff must allege facts evincing that she was personally responsible for the alleged deprivations of his constitutional rights. *See Johnson v. Snyder*, 444 F. 3d 579, 583 (7th Cir. 2006). However, Plaintiff has not pled any facts which suggest SA Foxx's personal involvement in the alleged violations of his constitutional rights, or that any wrongful acts or omissions were performed at SA Foxx's direction or with her consent. To the contrary, Plaintiff alleges that it was Defendant Kulisek and other police officers who detained and arrested Plaintiff for theft of the scooter, placed "fabricated evidence" in the police report, approved probable cause and subsequently approved charges. (Dkt. 45, at pp. 4-10.)

To successfully plead a fabrication of evidence claim, Plaintiff must point to some evidence that the defendant actually "manufactured" the evidence and that the defendant knew, "with certainty," that the evidence was false. *See Coleman v. City of Peoria*, 925 F.3d 336, 344 (7th Cir. 2019). But SA Foxx is not alleged to have been personally involved in the fabrication of evidence during the police investigation, nor does Plaintiff allege how SA Foxx knew or should have known "with certainty" that any evidence purportedly fabricated by others was false.

Notably, Plaintiff cannot impose liability against SA Foxx under § 1983 for the alleged wrongful conduct of the police. The Seventh Circuit has already addressed – and rejected – this sort of "collective punishment" theory. *See Hessel v. O'Hearn*, 977 F. 2d 299, 301 (7th Cir. 1992). In *Hessel*, the plaintiffs alleged that items were stolen from them during the execution of a search warrant. *Hessel,* 977 F. 2d at 301. The plaintiffs did not allege a conspiracy or any other similar theory, leaving the court with "the pure principle of collective punishment as the sole basis of liability." *Id.* at 305. However, "[p]roximity to a wrongdoer does not authorize punishment." *Id.*; *see also Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (a plaintiff must prove the individual personally participated in or caused the unconstitutional actions).

6

Furthermore, with respect to Plaintiff's prosecution, SA Foxx also cannot be held personally liable under § 1983 for the acts or omissions of her Assistant State's Attorneys. The only allegation which directly concerns his prosecution is that an unidentified prosecutor refused to drop the charges in the face of "improper" evidence. (Dkt. 45, at ¶ 41.) Plaintiff does not allege that SA Foxx personally prosecuted him for theft of the scooter. As a result, it appears Plaintiff is attempting to plead supervisory liability against SA Foxx due to her status as the unidentified prosecutor's employer. But it is well-settled that mere supervisory status is not sufficient to establish personal liability under § 1983. *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 383 (7th Cir. 1988) ("An official who is sued in his or her personal capacity can only be held liable for his or her individual wrongdoing."). Nor can SA Foxx be held liable under § 1983 on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

In short, because the Amended Complaint alleges no direct, personal involvement by SA Foxx in a predicate constitutional violation and *respondeat superior* is not available under § 1983, Plaintiff's claim against SA Foxx – apparently premised on the allegedly wrongful acts of the police and SA Foxx's subordinate – must be dismissed pursuant to Rule 12(b)(6).

## II.     SA FOXX IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.

Even if this Honorable Court finds that Plaintiff has sufficiently pled SA Foxx's personal involvement, Plaintiff's § 1983 claim against SA Foxx in her individual capacity should be dismissed with prejudice because SA Foxx is absolutely immune from suit. A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of her prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

Absolute immunity extends beyond a prosecutor's decision to indict or try a case, and encompasses any action directly relevant to the ability to conduct a trial. *See Fields v. Wharrie,* 672 F.3d 505, 510 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)). Thus, the scope of absolute immunity depends on "whether the prosecutor is, at the time, acting as an officer of the court, as well as on his action's relatedness to the judicial phase of the criminal process." *Fields,* 672 F.3d 505 (citing *Imbler,* 424 U.S. at 430).

Absolute immunity protects SA Foxx because, in Illinois, the State's Attorney "is vested with the exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) Under Illinois law, "[t]he State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged." *People v. Rhodes*, 38 Ill. 2d 389, 396 (1967). As the Supreme Court explained in *Imbler,* absolute immunity extends to all prosecutorial actions which are "intimately associated with the judicial phase of the criminal process." 424 U.S. at 430. The *Imbler* court recognized that "the duties of a prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution," including "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute . . ." *Id.* at 431 n. 33. Furthermore, "[p]reparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence." *Id.*

When considering an immunity defense, courts focus on the conduct for which immunity is claimed, not the harm caused or the question of whether or not it was lawful. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). This is because immunity is immunity from suit, and not merely a defense to liability. *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

8

Here, SA Foxx is not alleged to have played any role in the City Defendants' investigation of Plaintiff for scooter theft. Rather, SA Foxx's allegedly wrongful actions were undertaken in the course of her duties as State's Attorney of Cook County. As noted above, Plaintiff's factual allegations against SA Foxx are that she "was acting under color of state law when she prosecuted [Plaintiff]," and "deprived [Plaintiff] of his civil rights to not be prosecuted with fabricated evidence and without probable cause." (Dkt. 45, ¶¶ 60-61.)

The Court may also take into account Plaintiff's prior arguments concerning his prosecution in response to the City Defendants' motion to dismiss. (Dkt. 49.)[4] Therein, Plaintiff asserted *inter alia* that the unidentified prosecutor assigned to his criminal case was "improperly uncooperative with [Plaintiff] in multiple ways," "refused to provide discovery to [Plaintiff]," "mov[ed] full steam ahead with a charge based upon fabricated evidence to support it … partly due to the fact that the alleged victim was a Chicago police officer," and that the prosecutor "should not have prosecuted the case unless she had a good-faith belief in the facts, which she did not as demonstrated by her argument on December 2nd, 2016." (Dkt. 49, at 5-7.)

Even assuming that the unidentified prosecutor's acts can be properly attributed to SA Foxx as an individual (as previously discussed, they cannot), Plaintiff's response to the City Defendants makes clear that his allegations against SA Foxx are based upon core prosecutorial actions in his underlying criminal case, such that such that they fail to pierce absolute immunity. Dkt. 45, ¶¶ 60-61; *see also Imbler,* 424 U.S. at 410. That remains the case even if, as Plaintiff alleges, the charges levied against him for theft of the scooter were unsupported by probable cause or based upon false evidence. *Smith,* 346 F. 3d at 742. Accordingly, Count IV of the Amended Complaint should be dismissed with prejudice under Rule 12(b)(6).

---

[4]      Plaintiff's filings in this case are public records of which judicial notice may properly be taken. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) ("In resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.").

III.    THE ELEVENTH AMENDMENT PREVENTS THE COURT FROM EXERCISING JURISDICTION OVER PLAINTIFF'S OFFICIAL CAPACITY CLAIM.

In addition to the bar presented by absolute prosecutorial immunity, the Eleventh Amendment also entitles SA Foxx to immunity from suit.

Plaintiff purports to assert a § 1983 claim against SA Foxx individually and in her official capacity. (Dkt. 45, at 1.)  However, the Eleventh Amendment prohibits an action in federal court against a state, its agencies, and its officials acting in their official capacity. *Gossmeyer v. McDonald*, 128 F. 3d 481, 487 (7th Cir. 1997). It is also well settled that official capacity lawsuits are, in effect, lawsuits against the government entity for which the official works. *See Kentucky v. Graham,* 473 U.S. at 159 166 (1985)).  Further, "[w]hether a particular official is the legal equivalent of the State itself is a question of that State's law."  *Garcia v. City of Chi..,* 24 F.3d 966, 969 (7th Cir. 1994). The entity sued in this case, the Office of the Cook County State's Attorney, is a state agency entitled to Eleventh Amendment immunity because, in Illinois, State's Attorneys are independently elected state – not county – officials. *See Ingemunson v. Hedges,* 133 Ill.2d 364, 369; (1990); *see also Manos v. Caira,* F.Supp.2d 979, 987 (N.D. Ill. 2001) ("Illinois has made its state's attorneys 'state officials' and liability under [§] 1983 does not extend either to suits against the state itself or to official capacity lawsuits against state officials."). Because the Eleventh Amendment bars suit under § 1983 against state officials, and SA Foxx is a state official, Plaintiff's official capacity claim against SA Foxx in Count IV of the Amended Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

IV.    PLAINTIFF'S § 1983 CLAIM AGAINST SA FOXX IS UNTIMELY.

Regardless of Plaintiff's theory of liability against SA Foxx, his § 1983 claim against her is also time barred. Accordingly, Count IV of the Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) for that additional, independent reason.

10

In response to the City Defendants' motion to dismiss, Plaintiff denied that he is attempting to bring a Fourth Amendment claim. (Dkt. 49, at 1-2.) However, given the nature of the allegations in the Amended Complaint, SA Foxx will briefly address that possibility.

SA Foxx, of course, did not arrest Plaintiff. But to the extent Plaintiff intends to bring a claim against SA Foxx arising from his detention for theft of the scooter, that is a claim properly brought under the Fourth Amendment. *See Wallace v. Kato,* 549 U.S. 384, 386 (2007); *see also Manuel* I, 137 S. Ct. at 920 (clarifying that detention without probable cause violates the Fourth Amendment "when it precedes, but also when it follows, the start of legal process in a criminal case."); *Lewis v. City of Chicago*, 914 F.3d 472, 475-77 (7th Cir. 2019) ("*Manuel* I makes clear that the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention. ... the constitutional injury arising from a wrongful pretrial detention rests on the fundamental Fourth Amendment principle that a pretrial detention is a "seizure"— both before formal legal process and after—and is justified only on probable cause.").

This Honorable Court has already noted that the Fourth Amendment claim brought by Plaintiff in his original Complaint was time barred because Plaintiff filed his initial Complaint in this action on December 3, 2018, more than two years after the date the statute of limitations began to accrue (i.e., when Plaintiff was released from detention on October 1, 2016). Dkt. 29; *see also Manuel* II*,* 903 F.3d at 670 ("[b]ecause the wrong is the detention rather than the existence of criminal charges, the period of limitations [for Fourth Amendment claims] also should depend on the dates of the detention.").

Alternatively, Plaintiff may continue to ignore Seventh Circuit precedent and insist that he is bringing a § 1983 claim against SA Foxx based upon allegedly being prosecuted in the absence of probable cause (in reality, a malicious prosecution claim).

Plaintiff's claim against SA Foxx still was not commenced in a timely fashion. Importantly, the time limit for bringing a lawsuit under § 1983 is governed by state law, and is drawn from the limitations period provided by the forum state's personal injury statute. *See Licari v. City of Chicago,* 298 F.3d 664, 667-68 (7th Cir. 2002). Under Illinois law, the statute of limitations for a malicious prosecution claim is two years. *See* 735 ILCS 5/13-202. The claim accrues when the underlying criminal proceeding has been terminated in the plaintiff's favor. *Id.; see also Ferguson v. City of Chicago,* 213 Ill. 2d 94, 99 (2004).

In this case, Plaintiff alleges in his Amended Complaint that he was found not guilty of the theft charges on December 2, 2016. (Dkt. 45, at ¶ 42.) As a result, December 2, 2016 is when the underlying criminal proceeding was terminated in Plaintiff's favor and the statute of limitations began to run. *See* 735 ILCS 5/13-202. Plaintiff therefore had two years from that date, or until December 2, 2018, to bring his claim against SA Foxx. However, Plaintiff did not sue SA Foxx until October 17, 2019. (Dkts. 45.) Additionally, Plaintiff did not file his original Complaint in this case until December 3, 2018. (Dkt. 1.) Thus, whether or not Plaintiff's purported § 1983 claim against SA Foxx relates back to the date he filed his original Complaint, Plaintiff failed to sue SA Foxx within the applicable limitations period.

Based upon Plaintiff's prior filings in this case, SA Foxx anticipates that Plaintiff may argue that he is bringing a fabrication of evidence claim under the Due Process Clause pursuant to the Supreme Court's ruling in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), as opposed to a Fourth Amendment or common law malicious prosecution claim.

In *McDonough*, the defendant prosecutor allegedly presented fabricated testimony in a trial that ended in a mistrial, and then elicited fabricated evidence in a second trial. *Id.* at 2150. The Supreme Court found that, under this set of circumstances, the plaintiff's claim was more

12

closely analogous to a claim of malicious prosecution, and applied the statute of limitations for that offense. *Id.* The Supreme Court further held that that *Heck* v. *v Humphrey,* 512 U.S. 477, (1994)*,* applies to toll the accrual date of a due process claim for fabrication of evidence (assuming such a claim exists) *until termination of the charges in the plaintiff's favor. McDonough*, 139 S. Ct. at 2155 (*emphasis added*).

As previously discussed, Plaintiff has not alleged SA Foxx personally fabricated evidence or explained how she knew or should have known evidence was fabricated by others. Consequently, he has not sufficiently pled a fabrication of evidence claim. *Coleman*, 925 F.3d at 344. Furthermore, fabricated evidence will only support a due process violation when it has been introduced at trial, *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012), and Plaintiff did not allege that in the Amended Complaint the "fabricated evidence" in the police report was relied upon at his trial; he merely alleges that the police report consisted of facts that were actually "legal conclusions." (Dkt. 45 at ¶ 39.)

Yet, even assuming that Plaintiff *can* bring a claim against SA Foxx under the Due Process Clause, as the *McDonough* court noted*,* a due process claim for fabrication of evidence (if such a claim exists in this Circuit) would accrue when the charges are terminated in the plaintiff's favor. *McDonough*, 139 S. Ct. at 2155. Here, Plaintiff has pled that he was found not guilty of the charges on December 2, 2016. (Dkt. 45, at ¶ 42.) He therefore had two years, or until December 2, 2018, to bring his claim against SA Foxx. However, Plaintiff did not file his initial Complaint until December 3, 2018, and did not sue SA Foxx until October 17, 2019. (Dkts. 1, 45.) Accordingly, his claim is still untimely.

Regardless of Plaintiff's preferred theory of liability, his claim against SA Foxx is time barred. Count IV should be therefore dismissed with prejudice pursuant to Rule 12(b)(6).

## CONCLUSION

WHEREFORE, Defendant, KIMBERLY M. FOXX, State's Attorney of Cook County, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), respectfully requests that this Honorable Court enter an Order: (a) dismissing Count IV of Plaintiff's Amended Complaint with prejudice; and (b) providing her with any other necessary and just relief.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/ Ryan J. Gillespie*
Ryan J. Gillespie (ARDC # 6329728)
Assistant State's Attorney
Complex Litigation Section
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7379
ryan.gillespie@cookcountyil.gov